Okay, good morning. Each side in this case will have 15 minutes. If appellants would like to reserve time for rebuttal, please be aware that you are responsible for keeping track of your time. And is it Ms. Lai or Ms. Lay? It's Ms. Lai. Lai, okay. Ms. Lai, you may begin when you're ready. There's a button in front of you, right below you, that can lower the podium. Yes, I am definitely going to lower it. I think Mr. Samson is quite a bit taller than me. There's no comment on your height. There you go. Good morning, Your Honors. May it please the Court, my name is Vicky Lai. I'm with the Federal Public Defender's Office, and I represent Petitioner Appellee Jeffrey Weller. With me at counsel's table is Jonathan Sullivy, who represents Co-Petitioner and Appellee Sandra Weller. I would like to reserve five minutes for rebuttal, if I can. At the heart of this case is N. Ray Rice's inadequate briefing rule, which the state courts in Washington have used for the last three-plus decades. Outside of this case, the Washington state prosecutors, the Attorney General's Office, this Court, and the unpublished decision in 2012 in Corbray v. Miller South, the federal district courts in Washington have all agreed that the N. Ray Rice rule is an independent and adequate state rule that, when applied, constitutes procedural default. So getting to application of the Rice rule, in your view, do we consider just the Washington State Supreme Court Commissioner, or we also factor in the Court of Appeals decision? How do those interrelate? Judge McKeown, under Supreme Court law, you would only look at the last recent decision. I know you were the writing judge for Barker v. Fleming, where you can look at both if the high court actually incorporates the lower court's reasoning. But under either scenario, there was only an application of Rice. So you're saying it's solely an application by the state Supreme Court Commissioner? Yes. The state Supreme Court Commissioner cited to Rice as the sole basis for his decision to deny any further review because there simply was not the evidence to make a merits ruling. That's what Rice says. In fact, neither the report and recommendation, which was wholly adopted here by the district court without indication that the district court reviewed it de novo, nor the respondents have cited to any case that says that the N. Ray Rice rule is not independent and not adequate. And I have looked extensively and have found none myself. And as I previously said, the Washington Supreme Court and the Court of Appeal, the Court of Appeal paraphrased N. Ray Rice, did not cite N. Ray Rice, but said the problem here was that the Wellers who were pro se failed to provide the affidavit from a medical expert. It's a very harsh rule. It places, I would say, an unrealistic burden on pro se petitioners. And in Washington state, they're almost always pro se. That if they're relying on their allegations of ineffective assistance relies on persons outside the record with personal knowledge, they have to provide the affidavit from that person. And that is quite unrealistic to ask of uncounseled indigent petitioner who were also imprisoned. Here, the report and recommendation does not and the respondents do not dispute that N. Ray Rice is a procedural rule. What they, what the report and recommendation found was that N. Ray Rice is dependent on Strickland. That is actually an absurd ruling because the court earlier, the report and recommendation earlier in its decision, in talking about when a procedural rule is independent or dependent, cited to Ake v. Oklahoma, which is the seminal Supreme Court case on whether a state procedural law is independent. To be dependent on federal law, it's not simply, it doesn't simply mean that you cite to Strickland. It means that the federal law has to be decided antecedent to the procedural state rule. So in Ake v. Oklahoma, the rule there was a waiver rule. But it did not apply to federal, if the claim was based on a federal constitutional rule. And so the court had to decide whether there was in fact a federal constitutional law involved before they could apply the procedural bar. That makes sense. In this case, the report and recommendation and the respondents argued, simply by citing to the two-part test of Strickland by identifying the claim as a Strickland claim, that the N. Ray Rice rule is not independent and that it is dependent on Strickland, which again, I have found no case to support that. Because the Weller's ineffective assistance claims were procedurally defaulted in this case, because the court, the high court applied a procedural bar and it was never adjudicated on the merits, the Martinez v. Ryan equitable exception applies since the Weller's were uncounseled, which would require the court, it's essentially a pretty low bar. They just have to, there is cause here because they were not represented below. And the claim has to be substantial, which just means that it has to have some merit. If the relief you seek is a hearing, an evidentiary hearing. Yes, Your Honor. What would your client show at such a hearing? We actually produced the evidence that she would show. We retained a board-certified child abuse medical expert. We gave the expert the medical records that were produced in the personal restraint petition by the Weller's, their pro se personal restraint petition. They submitted all the medical records. That's sort of the substance, if I can describe it that way, of if you were allowed to proceed on the merits that you would show. What's the reason that would excuse the conduct? Oh, I see. What they alleged is that at trial, the prosecution only called one medical expert. That medical expert was not rebutted. The defense counsel, both defense counsel, in fact, said that they were not going to bring forth the medical records and the children, the pre-existing medical records, which showed that these children had extreme pre-existing conditions and that they saw a multitude of doctors. Our expert said that this is highly unusual that children would see this many doctors. They saw a psychiatrist. They saw a psychologist. They had nutritionists. They had endocrinologists. They went to therapy two to three times a week. None of that was presented to the jury. And so the argument here is that if counsel had presented a medical expert to rebut the state's medical expert, which was devastating to the defense, that there's a reasonable probability that the outcome would have changed. And it doesn't here. It's not just at trial but at sentencing. Because the jury made aggravated findings, that gave the court discretion to impose an exceptional sentence beyond the 10-year statutory max for the petitioners who this was their first offense. At sentencing, because the sentencing court has said this is going to be a difficult sentencing because I do have this discretion with aggravated findings and urged the parties, actually directed, asked the parties to file pre-sentencing memoranda. Only the prosecution filed a pre-sentence memoranda. The charged and now convicted conduct is pretty horrific. Would you admit? Yes. And the defense on the merits, if the panel were to grant habeas relief, would be what? The defense on the merits? Yeah. Again, we're alleging both trial and sentencing in effect assistance. So your position is this is pretty one-sided. They were not represented. They didn't present medical evidence, et cetera, and all of that means that the panel should grant habeas relief and instruct the state to either retry or dismiss these charges. Is that correct? I think before the panel grants habeas relief, it would have to engage in another part of the analysis. See, I understood your request that we would reverse and remand for a hearing. Reverse and remand for a Martinez hearing because the court never engaged in that because the court found that there was an adjudication on the merits and then also determined the merits. I mean, the court here could determine that cause and prejudice was met under Martinez because, as I said, it's not a very high bar or standard. I see that I only have about three minutes left, so I'd like to reserve the rest for rebuttal. Thank you. All right, Mr. Sampson. Thank you, Your Honor, and may it please the court, John Sampson, Assistant Attorney General for Respondent Appellee. This court should affirm the district court's judgment denying habeas relief for two reasons. First, regardless of the procedural arguments, the Washington Court of Appeals denied the claim on the merits, and even if there was a procedural bar ruling applied, 2254D still bars relief because the court would have to overcome that in order to grant relief. Second, the State Supreme Court did not apply a procedural bar but addressed the claims and denied the claims on the merits. The Washington Court of Appeals decision clearly was a merits decision. The court cited to Strickland, cited to the presumption of competent representation, cited to Strickland's requirement that they prove reasonable probability that counsel's errors prejudice to the defense, and the Court of Appeals then held, applying Strickland, that the petitioner did not prove that counsel was ineffective. They did not prove deficient representation, and they did not prove prejudice. That was a merits adjudication. So even if this court were determined that the State Supreme Court had denied review on procedural grounds and found that there was cause and prejudice to excuse that procedural default, the court still could not grant relief because there is a state court adjudication of the merits. Well, I know that you'd view the Washington Court of Appeals as an adjudication on the merits, but I thought if you look to the highest court, Washington Supreme Court, I thought there was really an express determination that it was procedural by the invocation of Rice. So when we typically do these cases, as you know, we're always asked to look at the highest court, which in this case is the Supreme Court, albeit in a commissioner. Why wouldn't we use that same construct here? Yes, Your Honor. So assuming that there was a procedural bar applied, and that's the second issue I'll talk about, but assuming that the State Supreme Court did apply a procedural bar, the court still has a state court adjudication of the merits. And as the Supreme Court said in my case, Utick versus Brown, even if the State Supreme Court did not address the issue on the merits, in that case, the trial judge did. And so they went beyond the State Supreme Court decision and looked at what the trial judge actually did. The same rationale was recently announced by the Supreme Court in Mays versus Hines, and I can do a supplemental citation of authority for that. But in that case, the court said as long as a state court has ruled on the merits, 2254D applies. So as long as you have either at the intermediate appellate or at the State Supreme Court level an adjudication of the merits, it still exists. You cannot just simply say, well, the later court said it was procedurally barred, so therefore we ignore what the prior court did. And it's true that in most situations this court will just look at the last reasoned decision, which is the State Supreme Court. But what they're asking you to do is to say that Supreme Court decision was not an adjudication on the merits, so it doesn't apply, and ignore the prior decision, which was an adjudication on the merits. And in that situation, this court cannot do this. You're saying that in Mays v. Hines, you looked past a higher court's determination of procedural default and went back to the lower court's decision on the merits? No, Your Honor. What I'm saying is the Supreme Court said that as long as a state court has adjudicated the merits. In that case, it was Tennessee, and they said as long as a Tennessee court has adjudicated the merits, 2254D applies. And it's because even if the State Supreme Court applied a procedural bar and they overcame that, then you have to look at, okay, what else has occurred in this case? Is there another adjudication on the merits? And there was an adjudication on the merits. It's the same as if there was an evidentiary hearing in state court. The court cannot simply say, well, the later court applied a procedural bar, so we're going to ignore all the factual findings of the state court. The other provisions of 2254 apply, and that's what the Supreme Court has indicated in its cases that involve the application of both Teague and AEDPA and the application of the BRAC Harmless Error Standard and AEDPA. You have a statutorily requirement that bars this court from granting relief unless that statute is complied with and a separate judicially created procedural bar which, if that were the case, the court would have to found to be overcome before it could grant relief. You have both of those coming into play here. But even if we look just at the state Supreme Court decision, which is my second point, the state Supreme Court did not apply a procedural ruling. They adjudicated the merits of the claim. Yes, they did cite to Rice, but that citation to Rice was in the context of adjudicating the merits, not in applying a procedural bar. Rice itself discussed the different levels of a PRP review. PRP is what Washington calls their collateral attack. And when a PRP is filed, the chief judge first looks at the petition itself, determines whether it's untimely or timely, whether it's successive or not successive, and whether it's frivolous on its face. And the chief judge conducts that review. And if it's frivolous or if it's barred, the chief judge dismisses it in an order. If the petition is not barred and is not frivolous on its face, then the chief judge refers it to a merits panel, a three-judge panel, which is what occurred in this case. The case went to a three-judge panel. And the three-judge panel in the Court of Appeals then issued a decision on the merits applying Strickland. Then what happens is after that is decided, then they can seek discussion or review in the state Supreme Court, and the commissioner makes the initial determination whether further review is needed. And the language further review is not do we go beyond a procedural bar. It's whether or not the state Supreme Court should spend its time looking at this case. Did the commissioner cite Strickland? Yes, Your Honor. And under this court's decision in Park v. California, the fact that it was interwoven, even if the state Supreme Court was applying a procedural rule, the fact that it was interwoven with Strickland means that it's not an adequate procedural bar, so it would not procedurally bar the claim. The state Supreme Court did cite to Strickland. It cited both the presumption that the courts must apply in reviewing counsel's performance and the prejudice standard. And the commissioner said they have not shown that the Court of Appeals erred in determining there was not ineffective assistance of counsel. And therefore, because they have the evidentiary burden, they failed to show the need for this court to further review it. And that evidentiary burden was discussed in the Rice opinion. And in Rice, what the court, the state court did was they did, again, they talked about the different levels of reviewing a PRP. And once you get to the level where it's before a three-judge panel, then the petitioner has the burden to present evidence, actual evidence, to prove the claim. Much as in this court, they don't get an evidentiary hearing in federal court simply based on their allegations. They actually have to present competent evidence that would show that they would win. Much like in a summary judgment motion, you have to present evidence showing there's an actual issue of fact that needs to be decided in an evidentiary hearing. If they don't present that evidence, then they have not proven their case. They have not submitted a prima facie case, which this court in Ochoa said is a ruling on the merits. So the court is clearly saying that it's an evidentiary burden that they have to meet, not a pleadings, not a timeliness or successiveness, or even you raised a bunch of allegations, but none of them even show any kind of an error or any kind of a constitutional claim. It's not a pleadings review. They were actually looking at the merits. The commissioner was looking at the merits of the claim and saying, you did not prove your claim. So for that reason, the state Supreme Court actually did apply or did adjudicate the merits and did not apply a state procedural bar. And it's also why the state did not assert a procedural bar in response to the petition. There was no procedural bar in this case. And then finally, Your Honors, even if this court were to say that there was a procedural bar, that the procedural bar has been overcome and that there is no adjudication on the merits, the 2254E2 still bars the development of any further evidence. Under Shin v. Ramirez, the Supreme Court made clear that if you fail to present that evidence in state court, you have to satisfy the statute in order to present new evidence. So even if this court were to grant some relief and to remand this, the statute bars any further development of the evidence. And the only record that the district court could look at would be the evidence that was before the state Supreme Court, which is the state court of appeals and state Supreme Court found did not prove their claims under either prong of Strickland. I have a question about that, counsel. I know that the magistrate judge didn't allow the wellers to or found that the wellers were not diligent because they didn't request funds for an expert. Is that fair? Their pro se, they weren't represented by counsel at the time. Is it fair to put that on them that they needed to know that they needed to ask for funds so that they could get an expert? Your Honor, that's, as far as fairness, yes, because that's how the system works. It is the requirement that a petitioner prove their case. And the fact that they don't have funds is not sufficient to show a lack of diligence. And the Supreme Court is pretty clear in Shen that that is the case. There is no constitutional right to collateral review. There's no constitutional right to counsel on collateral review. There's no constitutional right to the expenditure of public funds to allow them to seek such review. If a state court wanted to, they could simply eliminate collateral review. But our state court allows that to occur in the interest of fairness and justice. So you talked about Shen in regard with this. But in Shen, they were represented by counsel in the state court post-conviction proceedings. And here it's different. They didn't have counsel. They were expected to kind of know this on their own. So I think Shen is distinguishable on that. I would disagree, Your Honor. The fact is that before Shen was issued, the argument was, well, if I was pro se, yes, the deficiencies would be on me. But it was not me. It was my counsel who was deficient. And that excuses the statute. And that allows me under Martinez to then bring all this new evidence in. And what the Supreme Court said in Shen is, no, it doesn't matter if you are represented or not. They said deficiencies are attributable to the petitioner and to the extent the petitioner are represented by counsel. Those deficiencies are attributable to the petitioner because they're acting as the agent of the petitioner. So in either situation, the statute applies. There's nothing in the statute. There is a difference, though, in Shen. They're really attacking the negligence of the attorney. Correct. And here, unlike in Shen, the issue was on the table. It was raised. And they asked for a lawyer and also for a hearing. So it seems that it is different than Shen in terms of availability of a hearing at this stage. I mean, I know you referenced, too, before Shen, there was the issue of the pro se counsel. But it does seem to me, if you look at what Shen talks about, that's where you're going after your counsel for being negligent. And as the court has said in many circumstances, that's on you. You kind of rise and fall with your counsel on that point. But here they did everything they were supposed to do. What more could they have done? Present evidence. And I understand it may not be fair, but that is the system. And there is no right to public funds. There is no right to counsel in these cases. That's the system. There is no right to a collateral review. And this court held long ago in Hughes v. Idaho involving procedural default, that inadequacies of a prisoner are not cause to excuse a procedural default. Yes, prisoners don't have the access to the resources that a rich person in the community would have. But that is not cause to excuse the default. And the same thing applies with 2254E2. There's nothing in the statute that talks about pro se versus represented. It says the petitioner. If the petitioner fails, and so if you're pro se and you fail to do it, the statute applies. That's Congress's choice to impose that burden. We would ask that the court affirm the district court. Thank you, Your Honor. Thank you, Mr. Sampson. Ms. Lai. Mr. Sampson went through a lot of concepts that I'd like to address. If the rule were that you could just find any state court that adjudicated the claim and disregard the last reason decision, that would violate Wilson v. Sellers, so Supreme Court law, and I think it would violate Barker v. Fleming as well. Mr. Sampson says, well, we didn't invoke procedural default, and it's because there was an adjudication on the merits. The respondents are not invoking procedural default because they're trying to avoid our Martinez v. Ryan hearing because Martinez v. Ryan says if a pro se petitioner procedurally defaults, that procedural default can be excused under cause and prejudice analysis. And, Your Honors, Judge Hawkins and Judge McKeown, you had Mothershed v. Wolford last year. I think that is a good case to distinguish our case from that case. In that case, again, the Inouye Rice Rule was at play. Respondents argued that there was, well, in that case, it was the district court had ruled that there was a procedural bar. And in the opinion, the court said yes. The Washington Supreme Court did say that Mothershed had failed to present an affidavit of what the defense expert would have said, but it held and actually engaged in the prejudice prong. It didn't just cite Districtland. It actually weighed the evidence that was presented at trial and weighed it against what would have been presented. And the panel, Your Honors, said in that case that is adjudication on the merits because the court actually engaged in the merits of the case. They said that because the state in that case had presented 15 experts, including 10 doctors who had treated the victim, 5 forensic chemists, that there was just no way that producing one defense expert would have changed the outcome of the trial. We don't have that in this case again. We only have one state expert, a non-board-certified child abuse doctor. We have produced a board-certified child abuse doctor who says that there's no medical certainty that these kids were abused in the way that the state expert testified. The other issue that is incorrect, and I would like to correct it, is that Shin does not apply to pro se petitioners. This court in Rose v. Hedgepitt said that there is a difference because Shin only addressed the situation where there's negligent post-conviction counsel. The standard that applies here is the Michael Williams standard, which was not overruled by Shin. And in that standard, the question is whether the petitioners were diligent. And in this case, they were more than diligent. They produced all the medical records. They submitted almost 2,000 pages of exhibits, including the police reports, that show that Eli was under a juvenile court case. They produced the report from the guardian at Leidem who had visited the Wellers that same year. Counsel, you are over time, so I'm just going to ask you to wrap it up. Okay. So there was not an adjudication of the merits here. Martinez v. Ryan applies. 2254E2 does not bar evidentiary development because the petitioners were more than diligent under Michael Williams. Thank you. Thank you. Thank you, counsel. This matter is now submitted.
judges: HAWKINS, McKEOWN, ALBA